```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

_____

PAUL S. MARKOWITZ,

   Plaintiff,

vs.             No. 07-2213-JAB/dkv

CITY OF MEMPHIS, et al.,

   Defendants.

_____

```
       ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
         ORDER DENYING MOTION AND AMENDED MOTION
                 FOR APPOINTMENT OF COUNSEL
                     ORDER OF DISMISSAL
                            AND
             ORDER ASSESSING APPELLATE FILING FEE
```
_____

  Plaintiff, Paul S. Markowitz, has filed a complaint and amended complaint, along with a motion and amended motion to proceed in forma pauperis under 28 U.S.C. § 1915(a).  The motions to proceed in forma pauperis are GRANTED.  The Clerk of Court is ORDERED to file the case and to record the Defendants as the City of Memphis, Memphis Light, Gas & Water Division ("MLGW"), and Shelby County.[1]  The Clerk shall not issue process or serve any papers in this case.

  Plaintiff Markowitz also filed a motion and amended motion for appointment of counsel.  A district court is vested with broad discretion in determining whether to appoint counsel for an

---

  [1] Plaintiff has named Shelby County Code Enforcement as a Defendant.  As governmental departments and divisions are not suable entities, the Court construes the complaint as naming Shelby County as the Defendant.  See generally Hafer v. Melo, 502 U. S. 21 (1991).

indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

The Court concludes that an appointment of counsel is not warranted. Plaintiff's complaint is to be dismissed; therefore his motion and amended motion for appointment of counsel are DENIED.

Plaintiff sues the City of Memphis, MLGW, and Shelby County alleging that the Defendants "have failed to (although numerous times requested) to cut tree limbs that overhang and are in contact with city power and electrical lines in front of [his] property"

creating a dangerous situation for property owners and passersby. Markowitz contends that a "drooping" power line lays on his garage constituting a fire and safety hazard which prevents him and a roofer from maintaining or repairing his garage. He further submits that the resulting deteriorated state of his garage has resulted in code enforcement citations.

Plaintiff maintains that MLGW, without providing him notice, cut a large swath of his rare Oriental Bamboo, "leaving very sharp and punji-like bamboo shards, debris piles, and other dangerous conditions." He claims that while he was investigating the cut bamboo, he tripped on the debris and was injured.

Markowitz requests that Defendants be enjoined from trespassing on his property to remove, destroy, demolish, or tamper with "any matter even if ordered by Shelby County, Tennessee Environmental Courts or any other courts or personnel of the City of Memphis or Shelby County." He seeks a determination that the citations against him and threats of fines or incarceration are discriminative, negligent, and malicious and an order allowing him to continue to renovate and restore his property, which includes expensive grasses and cultivated wild flowers.

Even though pro se complaints are held to a less stringent standard than those drafted by attorneys, the complaint must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Moralez v. Thiede, 828 F. Supp. 492, 493 (E.D. Mich. 1993). A complaint must contain either direct or inferential allegations respecting all the material

elements to sustain a recovery under some viable legal theory. In re DeLorean Motor Co. v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).

As an initial matter, this court must decide if it has jurisdiction of this controversy. Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of North America, 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indemn. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522 at 70 (1984). A district court is obliged to review its own jurisdiction sua sponte. Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989)(citing Bender v. Williamsport Area Schl. Dist., 475 U.S. 534, 541 (1986)). "Rule 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.' Fed. R. Civ. P. 12(h)(3)." Ricketts, 874 F.2d at 1181. This Court must identify some basis for jurisdiction over this case.

To state a claim under 42 U.S.C. § 1983 the Plaintiff must allege that the Defendants (1) deprived plaintiff of some right or privilege secured by the Constitution and laws of the United States and (2) acted under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924 (1982); Flagg Brothers Inc. v. Brooks, 436

4

U.S. 149, 155 (1978); Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 229 (6th Cir. 1985).

A state may not deprive an individual of life, liberty or property without due process.

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law. Parratt[ v. Taylor, 451 U.S. 527,] 537 [(1981)]; Carey v. Piphus, 435 U.S. 247, 259 (1978)("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property"). The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.

Zinermon v. Burch, 494 U.S. 113, 125-26 (1990)(footnote and some citations omitted).

Generally, claims for deprivation of property without due process are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. Id. at 132. See also Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981); Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197 (6th Cir. 1985).

The Memphis Code of Ordinances provides for notice and a hearing upon the issuance of a citation. Code § 48-32. The Code also states that persons affected adversely by orders or rulings may appeal to a state court of competent jurisdiction. Code § 48-40. The Shelby County Environmental Court provides Markowitz with a forum to litigate any citations placed against him. A citizen has no § 1983 cause of action for due process violations where

state tort law furnishes all appropriate process.  J.C. Flatford v. City of Monroe, 17 F.3d 162, 168 (6th Cir. 1994).  Here, Plaintiff had the right to contest any citation and to seek judicial review of that proceeding.  Notwithstanding any failure of Plaintiff to avail himself of these remedies, the Code provisions satisfied Plaintiff's due process rights.

A claim under § 1985 would also be meritless.  Markowitz has not alleged that he, as a member of some "discrete and insular" minority, has suffered class-based discrimination on account of his exercise of a fundamental right. Browder v. Tipton, 630 F.2d. 1149 (6th Cir. 1980); Grant v. Hollenbach, 870 F.2d 1135, 1135 n.1 (6th Cir. 1989).  He has no "constitutional" entitlement to request that tree branches be trimmed.  Although Defendants did not provide the services Plaintiff requested, Defendants did not deprive him of any right guaranteed under the Constitution.

To the extent a state court has entered an adverse ruling against Plaintiff, this court cannot review that decision.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in this [the United States Supreme] Court.  28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83, 486 (1983).  See also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts  lack  jurisdiction to review or modify a judgment of a state's highest court).  In short, "[l]ower federal courts possess no power whatever to sit in direct

review of state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993). Furthermore,

> federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Washington State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967).

Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Plaintiff alleges that he has not filed this complaint to "counter any contentions [he] has with the City," however, to the extent that Plaintiff might be attempting to challenge a state court ruling, he has also no claim.

This complaint fails to state a claim upon which relief may be granted and lacks an arguable basis either in law or in fact and is, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Twenty-eight U.S.C. § 1915(e)(2)(B) states in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (I) the action or appeal is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . .

As the complaint fails to state a claim and is frivolous, it is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) and Fed. R. Civ. P. 12(h)(3).

The final issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is

not taken in good faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.  Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal in forma pauperis.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the court to dismiss this case for failure to state a claim and as frivolous also compel the conclusion that an appeal would be frivolous.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and he may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by Plaintiff in this case.

If Markowitz files a notice of appeal, he must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[2]  The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.

---

[2] The fee for docketing an appeal is $450.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

8

By filing a notice of appeal Plaintiff become liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If Plaintiff fail to comply with the above assessment of the appellate filing fee within thirty (30) days[3] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 20th day of July, 2007.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE

---

[3] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.

9